IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROBERTO VECIANA,

     Plaintiff,

vs.

ADAS SMART LLC, a Florida Limited
Liability Company, d/b/a ADAS SAFE,
and PHILIP BROSSY, individually, jointly
and severally,

     Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ROBERTO VECIANA, sues Defendant, ADAS SMART LLC (hereinafter, "ADAS SMART") and PHILIP BROSSY and shows:

### Introduction

1.     This is an action by Roberto Veciana against his former employer for unpaid overtime and unpaid bonuses pursuant to the Fair Labor Standards Act, Florida Statutes Chapter 448 and Florida common law.  Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.     This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207, as well as Florida Statutes § 448.08, and Florida common law.  The Court has jurisdiction over the unpaid overtime claim pursuant to 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over the unpaid bonus claims pursuant to 28 U.S.C. § 1367(a).

3.     The claim arose within the Southern District of Florida, which is where venue is proper.

**Parties and General Allegations**

4.      Plaintiff, Roberto Veciana, (hereinafter "Veciana") a resident of Miami-Dade County, was at all times material, employed by ADAS SMART as an associate technician, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with ADAS SMART, was engaged in interstate commerce or in the production of goods for commerce.

5.      Defendant, ADAS SMART is a Florida Limited Liability Company doing business in Miami-Dade, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, Fla. Stat. § 448.110 (FMWA), and Florida common law.

6.      Defendant, PHILIP BROSSY (hereinafter "BROSSY"), who resides in the Southern District of Florida, is the owner, operator and sole managing member of Defendant ADAS SMART.

7.      BROSSY was actively engaged in management, supervision, and oversight of ADAS SMART.  BROSSY wielded decision-making power with regard to financial matters, labor costs, and employee payroll issues that affected Veciana's terms of employment. Thus BROSSY assumed a level of operational control over ADAS SMART that would make him a proper employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

8.      On or about September 17, 2023, Plaintiff began his employment with Defendant ADAS SMART. It was the parties' agreement that Plaintiff was to receive a base salary of $67,000 plus a bonus of $8 per advanced driver-assistance system (ADAS) calibration performed.

9.     Plaintiff's contractual work schedule was Monday through Friday from 8:00AM to 6:00PM. However, Plaintiff often worked before and after his regular work schedule.  Thus, Plaintiff worked far in excess of 40 hours per week.

10.     Despite performing hundreds of successful ADAS calibrations, Defendants did not pay the Plaintiff the agreed upon bonuses.

11.     Plaintiff performed all necessary duties that would qualify him to receive his earned bonuses but has not been paid the same, in breach of the parties' agreement.

## Count I – Violation of FLSA by All Defendants – Overtime

12.     Plaintiff, Roberto Veciana, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 11 above.

13.     Since on or about September 17, 2023 up to and including September 24, 2024, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically Veciana, from September 17, 2023 up to and including September 24, 2024, has worked in excess of 40 hours a week nearly every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

14.     The failure to pay overtime compensation to Veciana is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if Veciana was exempt, Defendants' actions and/or conduct have effectively removed any exemption that may have applied to him.

15.     Defendants' actions were willful and purposeful as they were well aware of the Fair Labor Standards Act and Veciana's status as non-exempt, but chose not to pay him in accordance with the Act.

16.     Veciana is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendants:

     a.     All unpaid overtime that is due;

     b.     As liquidated damages, an amount equal to the unpaid overtime owed;

     c.     The costs of this action, and;

     d.     A reasonable attorney's fee.

WHEREFORE, Plaintiff, Roberto Veciana, prays that this Court will grant judgment against Defendants:

     a.     awarding Veciana payment of overtime compensation found by the Court to be due to him under the Act, including pre-judgment interest;

     b.     awarding Veciana an additional equal amount as liquidated damages;

     c.     awarding Veciana his costs, including a reasonable attorney's fee; and

     d.     granting such other and further relief as is just.

## Count II – Breach of Contract against Defendant ADA SMART (Unpaid Bonuses)

17.     Plaintiff, Roberto Veciana, realleges the allegations in paragraphs 1 through 11, as if fully set forth in Count II of Plaintiff's Complaint.

18.     Defendant ADAS SMART's failure to pay Plaintiff the agreed upon bonuses amounts to a breach of contract.

19.     As a result of Defendant's breach, Plaintiff has incurred general damages and is entitled to recover the unpaid bonuses, as well as prejudgment interest to partially compensate him for the loss of use of the funds that were due.

WHEREFORE, Plaintiff requests judgment against Defendant ADAS SMART for his unpaid bonuses and other damages, together with costs of suit and reasonable attorney fees, and such other and further relief as the Court may deem proper.

### Count III – Violation of Florida Common Law by Defendant ADAS SMART
### Unpaid Wages

20. Plaintiff, Roberto Veciana, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 11 above.

21. Plaintiff performed all conditions precedent to his entitlement to payment of his agreed upon wages (bonuses).

22. By failing to pay Plaintiff his agreed upon wages, Defendant has violated the Florida common law, and now owes Plaintiff his agreed upon wages that he was not paid for.

23. Plaintiff is entitled pursuant to the Florida common law, to recover from Defendant:

    a. his agreed upon wages earned but for which he did not receive compensation;

    b. the costs of this action; and

    c. a reasonable attorney's fees.

WHEREFORE, Plaintiff, Roberto Veciana, prays that this Court:

    a. enter judgment for Plaintiff and against ADAS SMART on the basis of its willful violations of the Florida common law;

    b. award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid wages;

    c. award Plaintiff's reasonable attorney's fees and costs of suit pursuant to Florida Statutes § 448.08; and,

d.      other such relief as this Court deems just.


## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: January 9, 2025
Plantation, Florida

Respectfully submitted,


*/s/ Robert S. Norell, Esq.*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Roberto Veciana*