**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ROBERTO VECIANA,

     Plaintiff,

v.

ADAS SMART LLC, a Florida Limited
Liability Company, d/b/a ADAS SAFE, and
PHILIP BROSSY, individually, jointly and
severally,

     Defendants.

_____ /

Case No. 1:25-cv-20133-JB

**DEFENDANTS' ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants ADAS Smart LLC, d/b/a ADAS Safe ("ADAS Smart"), and Philip Brossy (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the correspondingly numbered paragraphs of the Complaint (DE 1) filed by Plaintiff Roberto Veciana ("Plaintiff") and assert various defenses as follows:

**INTRODUCTION**

1.     Admitted that Plaintiff purports to bring this action against Defendants for alleged unpaid overtime and unpaid bonuses, pursuant to the Fair Labor Standards Act ("FLSA"), Florida Statutes Chapter 448, and Florida common law.  Defendants deny that they violated any law and deny all liability in this action, and further deny that Plaintiff is entitled to any relief.  In all other respects, denied.

**JURISDICTION**

2.     Admitted that Plaintiff purports to bring this action against Defendants for alleged unpaid overtime and unpaid bonuses, pursuant to the FLSA, Florida Statutes Chapter 448, and

Florida common law.  Further admitted that the Court has jurisdiction over the claims alleged in the Complaint.  Defendants deny that they violated any law and deny all liability in this action, and further deny that Plaintiff is entitled to any relief.  In all other respects, denied.

3.     Admitted that venue is proper in the United States District Court for the Southern District of Florida, Miami Division.  Defendants deny that they violated any law and deny all liability in this action, and further deny that Plaintiff is entitled to any relief.  In all other respects, denied.

## PARTIES AND GENERAL ALLEGATIONS

4.     Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's residency.  In all other respects, admitted.

5.     Admitted.

6.     Admitted that Defendant Philip Brossy resides in the Southern District of Florida. Denied that Defendant Philip Brossy is the sole owner, operator, and managing member of Defendant ADAS Smart.

7.     Denied.

8.     Admitted that Plaintiff began his employment with ADAS Smart in or around September 2023.  Further admitted that Plaintiff was to receive a base salary of $67,000.  In all other respects, denied.

9.     Admitted that Plaintiff's initial work schedule was Monday through Friday from 8:00AM to 6:00PM.  In all other respects, denied.

10.    Denied.

11.    Denied.

2

## COUNT I – VIOLATION OF FLSA BY ALL DEFENDANTS – OVERTIME

12.     Defendants reallege and reincorporate their responses to paragraphs 1 through 11 of the Complaint.

13.     Denied.

14.     Paragraph 14 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, denied.

15.     Paragraph 15 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, denied.

16.     Denied.

Defendants deny that Plaintiff is entitled to any of the relief demanded in the "WHEREFORE" clause following paragraph 16 of the Complaint.

## COUNT II – BREAK OF CONTRACT AGAINST DEFENDANT ADAS SMART (UNPAID BONUSES)

17.     Defendants reallege and reincorporate their responses to paragraphs 1 through 11 of the Complaint.

18.     Denied.

19.     Denied.

Defendants deny that Plaintiff is entitled to any of the relief demanded in the "WHEREFORE" clause following paragraph 19 of the Complaint.

## COUNT III – VIOLATION OF FLORIDA COMMON LAW BY DEFENDANT ADAS SMART UNPAID WAGES

20.     Defendants reallege and reincorporate their responses to paragraphs 1 through 11 of the Complaint.

21.     Denied.

3

22. Denied.

23. Denied.

Defendants deny that Plaintiff is entitled to any of the relief demanded in the "WHEREFORE" clause following paragraph 23 of the Complaint.

## JURY DEMAND

Admitted that Plaintiff demands a trial by jury on all issues so triable.

## DEFENSES

In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants complied with all applicable laws with respect to Plaintiff's employment and payment of wages.

## THIRD DEFENSE

Defendants properly paid Plaintiff in accordance with all appliable laws.

## FOURTH DEFENSE

Defendants at all times paid Plaintiff in accordance with the terms of the agreements governing Plaintiff's compensation.

## FIFTH DEFENSE

Defendants' acts or omissions complained of in the Complaint with respect to Plaintiff are subject to the provisions of 29 U.S.C. §§ 258 and 259 because they were done in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval and interpretation of

4

the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor with respect to the class of employers to which Defendants belong.

### SIXTH DEFENSE

Defendants' acts or omissions complained of in the Complaint with respect to Plaintiff are subject to the provisions of 29 U.S.C. § 260 because they were done in good faith and Defendants had reasonable grounds for believing that their actions or omissions, if any, were not a violation of any applicable laws.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel, to the extent Plaintiff violated ADAS Smart's policies by under-reporting and/or failing to report Plaintiff's hours worked. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324 (5th Cir. 1972).

### NINTH DEFENSE

Plaintiff has received full payment for all work performed thereby barring Plaintiff's claims; alternatively, Defendants are entitled to an off-set of any amount of relief claimed by Plaintiff based on compensation previously paid by Defendants to Plaintiff.

### TENTH DEFENSE

To the extent Plaintiff has sustained any damages, Defendants are entitled to an offset for any overpayment of wages paid to Plaintiff.

PD.48503939.1

## ELEVENTH DEFENSE

Plaintiff's Complaint and each and every claim for relief alleged therein is barred by the doctrines of res judicata and/or collateral estoppel, to the extent that Plaintiff has asserted in any prior legal or administrative proceeding that Plaintiff was entitled to additional payment for unpaid wages or penalties, and did not prevail on such claim.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to an accord and satisfaction and/or are barred to the extent that Plaintiff has entered into or is otherwise bound by compromise, settlement or release agreements regarding those claims.

## THIRTEENTH DEFENSE

Plaintiff's Complaint and each and every claim for relief alleged therein is barred by the doctrine against claim-splitting to the extent that Plaintiff has asserted claims in other lawsuits based on the same or common set of operative facts.

## FOURTEENTH DEFENSE

Plaintiff is barred from bringing a claim against Defendants for unpaid overtime compensation because Plaintiff was exempt from overtime compensation.

## FIFTEENTH DEFENSE

Plaintiff fails to state a claim against Defendants upon which attorneys' fees and costs can be awarded.

## SIXTEENTH DEFENSE

Counts II and III of the Complaint are barred to the extent Plaintiff failed to satisfy a condition precedent.

PD.48503939.1

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred to the extent he failed to mitigate his damages, if any, or otherwise act to avoid and reduce harm.

## RESERVATION OF RIGHTS

Defendants reserve the right to plead other defenses as they become known to them during the litigation of this lawsuit.

WHEREFORE, having fully answered, Defendants request that the Court dismiss Plaintiff's Complaint with prejudice, award Defendants their costs, expenses, and reasonable attorneys' fees expended herein, and grant such other and further relief as the Court deems just and proper under the circumstances.

Date: March 17, 2025

Respectfully submitted,

*/s/ Austin A. Laurienzo*
Austin A. Laurienzo, Lead Counsel
 Florida Bar No. 1011546
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5315
Telephone:  (813) 472-7550
Facsimile:  (813) 472-7570
Email: austin.laurienzo@phelps.com

*Attorney for Defendants*

7

PD.48503939.1

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2025, the foregoing was electronically filed with

Clerk of Court using the CMECF system, which will send a notice of electronic filing to all counsel

of record.

/s/ Austin A. Laurienzo
*Attorney*

PD.48503939.1